# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SEAN P. MCCAFFREY, et al., <br> **On behalf of themselves and all others** <br> **similarly situated,** <br><br> **Plaintiffs,** <br><br> v. <br><br> MORTGAGE SOURCES, CORP., <br><br> **Defendant.** | CIVIL ACTION <br> No: 08-2660-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Conditional Certification of Class Claims Under §216(b) Of The FLSA For Loan Officers (Doc. #9) which plaintiffs filed February 20, 2009. Plaintiffs bring claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq,* for unpaid straight time, overtime premiums and related penalties and damages. Plaintiffs seek to recover liquidated damages and wages which they lost because of defendant's alleged failure to pay loan officers for all hours worked, including overtime.[1]

Under §216(b) of the FLSA, plaintiffs ask the Court to conditionally certify a class of loan officers employed by Mortgage Source, Corp. ("MSC") who were not paid all straight time or who worked more than 40 hours in a week but were not paid overtime premiums for the three-year period prior to the date of certification. In conjunction with this motion for conditional certification, plaintiffs ask the Court to order MSC to provide them the names, addresses and telephone numbers of each class member in an easily malleable format such as Microsoft Excel to assist with issuing

---

[1] In their complaint, plaintiffs also bring alternative class action claims under Rule 23, Fed. R. Civ. P., which allege violations of the Kansas Minimum Wage Maximum Hours Law, K.S.A. §1202 *et seq.*, and the Kansas Wage Payment Act, K.S.A. §44-313 *et seq.* These claims are not at issue in this motion for FLSA collective action conditional certification.

-1-

class notice, to designate plaintiffs as class representatives to approve plaintiffs' counsel as class counsel in this matter and to approve their proposed notice of claim and right to opt in.

MSC argues that plaintiffs have not shown that they are so similarly situated to other potential class members that conditional certification is appropriate. Specifically, MSC argues that plaintiffs (1) were independent contractors and not MSC employees; (2) are exempt from the FLSA; (3) have no evidence that any potential class members exist or are interested in joining this action and (4) seek to certify a class which is geographically overbroad. See Defendant Mortgage Sources, Corp.'s Response And Suggestions In Opposition to Plaintiff's Motion for Conditional Certification of Class Claims Under 29 U.S.C § 216(b) ("Defendant's Response") (Doc. #20) filed March 26, 2009. For the reasons stated herein, the Court sustains plaintiffs' motion.

## Legal Standards

Under 29 U.S.C. § 216(b), plaintiffs ask the Court to conditionally certify a collective action for the purpose of providing notice to putative class members. Section 216(b) provides in part that "[a]n action . . . may be maintained against an employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). This provision provides the exclusive procedural mechanism for class certification in actions under the FLSA. Brown v. Money Tree Mortgage, Inc., 222 F.R.D. 676, 679 (D. Kan. 2004). Though the FLSA does not define the phrase "similarly situated," the Tenth Circuit has approved an ad hoc approach by which courts determine on a case-by-case basis whether members of a putative class are similarly situated. See Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1105 (10th Cir. 2001).

Under this approach, the Court engages in a two-step process. First, the Court makes an initial "notice stage" determination which requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan. Id. at 1102

(quoting Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D. Colo. 1997)). By this determination, the Court decides whether a collective action should be certified for purposes of sending notice of the action to potential class members. Brown, 222 F.R.D. at 679. This initial step creates a lenient standard which typically results in conditional certification of a representative class. Gieseke v. First Horizon Home Loan Corp., 408 F.Supp.2d 1164, 1166 (D. Kan. 2006) (citing Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1214 (5th Cir.1995)).[2] Plaintiffs can show that they and putative class members are similarly situated by demonstrating that they were all subject to a common policy or plan. Brown, 222 F.R.D. at 679 (conditional certification requires only substantial allegations that putative class members were subject to a single policy or plan).

**Facts**

Plaintiffs' complaint alleges in pertinent part as follows:

Within the past three years, MSC employed plaintiffs as loan originators at its business in Overland Park, Kansas. MSC also operates locations in Hayes, Kansas, Las Vegas, Nevada and Mechanicsburg, Pennsylvania and has employed numerous other individuals as loan originators in Kansas and throughout the United States. MSC has paid plaintiffs (and all other loan originators) on a commission basis, and has not paid them straight time compensation or overtime.

In support of these allegations, plaintiffs provide the declarations of Sean McCaffrey, see Sworn Statement of Sean McCaffrey ("McCaffrey Statement"), attached as Exhibit 2 to Memorandum In Support of Plaintiffs' Motion For Conditional Certification of Class Claims Under §216(b) Of the FLSA For Loan Officers ("Plaintiffs' Memorandum") (Doc. #10), and Norm Peterson, see Sworn Statement of Norman Peterson ("Peterson Statement"), attached as Exhibit 3

---

[2] Under the second step which occurs at the close of discovery, the Court utilizes a stricter standard which requires evaluation of several factors, including (1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. Thiessen, 267 F.3d at 1102-03.

to Plaintiffs' Memorandum.[3]  Those declarations state in relevant part as follows:

McCaffrey worked as a loan officer for MSC at its Overland Park location from April 24, 2007 through October 1, 2008.[4]  See McCaffrey Statement ¶ 2.  He seeks straight time and overtime compensation for the period from April 24 through November 1, 2007.  See McCaffrey Statement ¶ 3.  Peterson worked as a loan officer for MSC at its Overland Park location from November 2, 2006 to November 1, 2007.  See Peterson Statement ¶ 2.

Loan officers at MSC were paid on a pure commission basis, and did not receive overtime. See McCaffrey Statement ¶¶ 7-8, 10; Peterson Statement, ¶¶ 9-10, 12.  MSC loan officers had similar job descriptions and expectations and performed the same duties.  See McCaffrey Statement ¶¶ 4-5; Peterson Statement ¶ 3-4.  All loan officers at MSC obtained sales leads through numerous sources such as direct mail, internet advertising and magazine advertising.  See McCaffrey Statement ¶ 5; Peterson Statement ¶ 4.  After choosing a loan product, customers submitted

---

[3] In deciding the motion for conditional certification, the Court may consider affidavits and declarations in support of plaintiffs' allegations.  See e.g. Renfro v. Spartan Computer Servs., Inc., 243 F.R.D. 431, 432 n.1 (D. Kan. 2007). Defendants incorrectly assert that plaintiffs' declarations are deficient because they are not notarized. Declarations which are not notarized are perfectly acceptable so long as they comply with 28 U.S.C. §1746, which states in relevant part as follows:

> [A]ny matter . . . required or permitted to be supported, evidenced, established, or proved by the sworn declaration . . . or affidavit, in writing of the person making the same . . . may . . .be supported, evidenced, established, or proved by the unsworn declaration . . . or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated . . .

28 U.S.C. § 1746.

MSC also complains that plaintiffs' motion relies upon conclusory allegations which do not support conditional certification.  After reviewing the complaint and declarations, the Court disagrees.

[4] In their complaint, plaintiffs refer to themselves as "loan originators" which is how defendants also refer to them.  In their motion for certification, memorandum in support and attached declarations, however, plaintiffs refer to themselves as "loan officers."  For clarity, the Court refers to plaintiffs as "loan officers."

documentation which went to underwriting for review. After review, the documentation would go for processing by loan processors, then to loan closers who verified taxes, insurance and all the other documents necessary for the closing. See McCaffrey Statement ¶ 6; Peterson Statement ¶ 5.

MSC loan officers were covered by the same pay policy. See McCaffrey Statement ¶¶ 7, 10; Peterson Statement ¶¶ 9, 12. Loan officers worked more than 40 hours per week and were paid purely by commission; MSC did not pay them overtime premium payments. See McCaffrey Statement ¶¶ 8, 10; Peterson Statement ¶¶ 10, 12. During some periods (lasting months) they received no income, despite working in excess of 40 hours on a regular basis. See McCaffrey Statement ¶¶ 13-14; Peterson Statement ¶¶15-16.

The MSC president is Kevin Kleweno, who gave loan officers daily timesheets which he instructed them not to return at the risk of being fired. See McCaffrey Statement ¶ 12; Peterson Statement ¶ 14.

## Analysis

Plaintiffs argue that the potential class members are similarly situated because they all performed substantially similar loan origination duties and pursuant to company policy, MSC treated them the same way by paying them on a commission basis without paying straight time and overtime. Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan. Renfro, 243 F.R.D. at 434 (citing Brown, 222 F.R.D. at 681). The allegations in the complaint and supporting declarations suggest that plaintiffs held similar positions at MSC and received neither straight time nor overtime. Plaintiffs have satisfied the low threshold required to demonstrate at the notice state that putative class members are similarly situated for purposes of conditional collective action certification under Section 216(b) of the FLSA. See id.

Defendant raises several arguments why the Court should deny conditional certification, all of which are without merit or are premature at this first step of the ad hoc approach. Defendant invites the Court to consider evidence beyond the allegations of the complaint and supporting declarations. At the initial certification stage, however, the Court need only consider the substantial allegations of the complaint along with supporting affidavits or declarations. See Renfro, 243 F.R.D. at 434; see also Pivonka v. Bd. of County Comm'rs of Johnson County, Kan., No. 04-2598-JWL, 2005 WL 17992098, *8-10 (D. Kan. July 27, 2005) (overtime violations, same pay policies and same job duties alleged in complaint and verified by affidavit sufficient to support initial certification under FLSA); Brown, 222 F.R.D. at 680 (D. Kan. 2004) (at notice stage, court looks to substantial allegations and plaintiffs' affidavits); Williams v. Sprint/United Mgmt. Co., 222 F.R.D. 483, 485 (D. Kan. 2004) (same). Furthermore, the Court will not address the underlying merits of plaintiffs' claims during this first stage. See Gieseke, 408 F. Supp. 2d at 1165 (D. Kan. 2006); Hammond v. Lowe's Home Ctrs., Inc., No. 02-2509-CM, 2005 WL 2122642, at *3 (D. Kan. 2005); Brown, 222 F.R.D. at 680 (until completion of discovery, only first stage analysis proper).

MSC argues that plaintiffs are not similarly situated to other putative class members because plaintiffs were independent contractors and not employees and that plaintiffs therefore are not covered by the FLSA. This argument directly controverts plaintiffs' allegations and declarations that they were employees. Every case which defendant cites in support of its argument was decided in the context of a motion for summary judgment, not a motion for conditional certification. The Court will not reach the merits of plaintiffs' claims on the motion for conditional certification, particularly when defendant's argument is more appropriately raised in a motion to dismiss or a motion for summary judgment. Renfro, 243 F.R.D. at 435.

MSC also argues that all putative class members are outside salespersons and are thus not entitled to overtime under the FLSA. This argument also directly controverts plaintifs' allegations

and declarations that they were employees entitled to receive straight time and overtime compensation. Again, the Court declines to reach the merits of plaintiffs' claims on this motion for conditional certification.[5]

MSC argues that conditional certification is improper because plaintiffs have not shown that other putative class members exist.[6] Only the Eleventh Circuit and some district courts have imposed this additional requirement, and at least two district courts in the Tenth Circuit have considered and expressly rejected it. See e.g. Courtright v. Bd. of County Comm'rs of Payne County, Okla., No. CIV-08-230-D, 2009 WL 1076778, *3 (W.D. Okla., Apr. 21, 2009); Reab v. Elec. Arts, Inc., 214 F.R.D. 623, 629 (D. Colo. 2002). MSC has presented no compelling evidence or argument why this Court should follow Eleventh Circuit precedent, and it declines to do so.

---

[5] Defendant relies heavily on Olivo v. GMAC Mortg. Corp., 374 F.Supp.2d 545 (E.D. Mich. 2004), to support its argument that plaintiffs and all loan officers are outside salespersons who are therefore exempt from the FLSA overtime requirement, which precludes conditional collective action certification. Defendant's argument misses on two grounds. First, plaintiffs in this case sue not only for overtime compensation but also for straight time compensation. More significantly, the court in Olivo decided the issue after allowing the parties to conduct pre-certification discovery, a request that this Court specifically rejected. See Order (Doc. #17) filed March 12, 2009 at 3, n.5.

[6] Again, the cases cited by defendant are inapposite. In Briggs v. U.S., 54 Fed. Cl. 205, 206 (Fed. Cl. 2002), the court in its discretion opted not to certify the conditional collective action. In Briggs, the court ordered plaintiffs to brief the legal and policy grounds implicated in FLSA collective action certification. In response, plaintiffs submitted a single affidavit of lead counsel which the court determined was inadequate to support certification. The court acknowledged the Tenth Circuit's ad hoc, two-step approach to certification and then applied its own discretionary standard, requiring a "modest" showing that collective action certification was necessary to avoid duplicative suits, and determining that a national collective action was unwarranted where evidence indicated unlawful action in only two states. Id.

MSC's characterization of Cameron-Grant v. Maxim Healthcare Serv's, Inc., 347 F.3d 1240 (11th Cir. 2003), is more troubling. While it is true that the district court denied conditional certification because plaintiffs failed to comply with Eleventh Circuit precedent which required that they set forth evidence of other employees who wished to opt in as announced in Dybach v. State Dept. of Corr., 942 F.2d 1562 (11th Cir. 1992), on appeal the Eleventh Circuit did not consider the district court action because the named plaintiff had subsequently settled, which rendered the appeal moot.

MSC argues that the prospective class is much too large for the evidence which plaintiffs have presented because the named plaintiffs were employed only in one MSC office. The complaint, however, alleges that plaintiffs' job duties were similar in each MSC location. At this stage of litigation, defendants' arguments do not persuade the court that certification is unwarranted. See, e.g. Gieseke, 408 F.Supp.2d at 1168.

Finally, MSC argues that the Court has discretion to deny class certification even if a modest factual showing is present, citing Briggs, 54 Fed. Cl. at 207. As the Court has already explained, however, the Court of Federal Claims in Briggs applied a different standard for FLSA conditional certification than the Tenth Circuit has approved.

The Court therefore finds that plaintiffs have sufficiently alleged that all putative class members are similarly situated loan officers whom MSC employed for the three-year period prior to the date the Court conditionally certifies the class. Conditional collective action certification is therefore appropriate for purposes of providing notice of the action to all putative members.

Plaintiffs have submitted the proposed notice and consent to join. See Doc. #10-2. Defendant does not object to the notice or consent form. The Court has the power and duty to ensure fair and accurate notice, but should refrain from altering a plaintiffs' proposed notice unless doing so is necessary. Gipson v. Sw. Bell Tel. Co., No. 08-CV-2017-EFM, 2009 WL 1044941, at *4 (D. Kan. Apr.20, 2009). After reviewing plaintiffs' proposed notice and consent to join, the Court is satisfied that they constitute a fair and impartial explanation of the case along with the options available to class members. Accordingly, the Court approves plaintiffs' proposed notice and consent to join as attached as Exhibit 2 to Plaintiffs' Memorandum, except that plaintiffs shall correct the case caption on both documents to conform to the caption on this Memorandum and Order; in the introductory paragraph and in ¶¶ 2 and 3, shall insert a date three years prior to the date on this Memorandum and Order; and in ¶ 6 shall insert a date 90 days after the date the notices are

postmarked. As soon as practicable, plaintiffs shall disseminate the notice and consent form to potential class members as described in this Memorandum and Order.

Under these circumstances, plaintiffs are entitled to discover the names and addresses of putative class members. Renfro, 243 F.R.D. 431. Accordingly, on or before **September 21, 2009** MSC shall provide plaintiffs the names and last known addresses of all persons employed as loan officers during the three-year period prior to the date the Court conditionally certifies the class through the present. The Court further finds that plaintiffs Norman Peterson and Sean McCaffrey should be conditionally designated as class representatives, and approves plaintiffs' counsel to act as class counsel in this matter.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Conditional Certification of Class Claims Under §216(b) Of The FLSA For Loan Officers (Doc. #9) which plaintiffs filed February 20, 2009 be and hereby is **SUSTAINED;**

**IT IS FURTHER ORDERED** that **on or before September 21, 2009** defendant shall provide plaintiffs with the names and last known addresses of all persons employed as loan officers from August 27, 2006 through the present, and that the parties shall confer to determine a mutually-agreeable format by which this information shall be produced.

Dated this 27th day of August, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
