# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SEAN P. MCCAFFREY, et al., )
)
          **Plaintiffs,** )
)
v. ) CIVIL ACTION
) No: 08-2660-KHV
MORTGAGE SOURCES, CORP., )
)
          **Defendant.** )
_____ )

## MEMORANDUM AND ORDER

Sean McCaffrey and Norman Peterson bring suit against Mortgage Sources, Corp. on behalf of themselves and others similarly situated, seeking unpaid straight time, overtime, penalties and damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq,* the Kansas Minimum Wage Maximum Hours Law ("KMWMHL"), K.S.A. §1202 *et seq,* and the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-313 *et seq*. Mortgage Sources asserts counterclaims for tortious interference with business relationship, breach of contract and breach of covenants of good faith and fair dealing. All counterclaims stem from defendant's position that the named plaintiffs were independent contractors and not employees. This matter is before the Court on Plaintiffs' Motion To Dismiss Defendant's Counter-Claims (Doc. #18) filed March 13, 2009. For reasons stated below, the Court sustains the motion.

## Analysis

Plaintiffs argue that because they arise under state law, the Court lacks subject matter jurisdiction over – and should therefore dismiss – the counterclaims.

Rule 12(b)(1), Fed. R. Civ. P., governs the motion to dismiss for lack of subject matter jurisdiction. Rule 12(b)(1) motions generally take the form of facial attacks on the pleading or factual attacks on the accuracy of its allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th

-1-

Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). In a facial challenge, the district court must accept the allegations of the pleading as true. Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). As courts of limited jurisdiction, the law imposes a presumption against the jurisdiction of federal district courts, Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir.1999), and such courts may exercise jurisdiction only when specifically authorized to do so. See Castaneda v. I.N.S., 23 F.3d 1576, 1580 (10th Cir. 1994).

Mortgage Sources brings its counterclaims under Kansas law. In its discretion, the Court may exercise supplemental jurisdiction over state law counterclaims which are sufficiently related to a pending federal claim. Paper, Allied, Chem. & Energy Workers Int'l Union, Local 5-508, AFL-CIO v. Slurry Explosive Corp., 107 F. Supp.2d 1311, 1327 (D. Kan. 2000). Specifically, 28 U.S.C. § 1367(a) allows a court to exercise supplemental jurisdiction over claims which do not fall within the court's original jurisdiction where those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Section 1367(a) requires federal and state law claims to derive from a common nucleus of operative fact. See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 164-65 (1997) (Section 1367(a) codified principle that federal and state law claims which arise from common nucleus of operative facts constitute single case); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966) (supplemental jurisdiction authorizes federal court to hear federal and state claims which share common nucleus of operative fact such that all claims would ordinarily be expected to be tried in one judicial proceeding).

The Tenth Circuit has not determined whether supplemental jurisdiction over counterclaims depends on the distinction between compulsory and permissive counterclaims. The Tenth Circuit has recognized, however, that Section 1367(a) codified the "common nucleus of operative fact" test.

See Shaw v. AAA Eng'g & Drafting Inc., 138 Fed. Appx. 62, 70 (10th Cir. 2005) (Section 1367(a) codified principle that original jurisdiction carries with it jurisdiction over state law claims which derive from common nucleus of operative fact). Because the parties apply the "common nucleus of operative fact test" which the Tenth Circuit has approved, the Court considers its jurisdiction under that test.[1]

Plaintiffs argue that the Court cannot exercise supplemental jurisdiction over the state law counterclaims for tortious interference with business relationship, breach of contract and breach of covenants of good faith and fair dealing, because they do not derive from a common nucleus of operative facts with plaintiffs' FLSA claims which allege unpaid overtime and straight time. Plaintiffs argue that generally, an employer-employee relationship does not by itself create a common nucleus of operative fact between an FLSA claim for unpaid wages and peripheral state law claims – a proposition which this Court has articulated in Wilhelm v. TLC Lawn Care, Inc. 2008 WL 640733, at *3-4 (D. Kan. March 6, 2008) (collecting cases).

In the FLSA context, several courts – including this one – have rejected the notion that the employer-employee relationship single-handedly creates a common nucleus of operative fact between an FLSA claim and peripheral state law claims. See, e.g., Wilhelm, 2008 WL 640733, at *3 (collecting cases). This holds true when the mere existence of an employer-employee relationship is the only link between the FLSA claims and the state law counterclaims, because FLSA claims are typically so narrow and well defined that few if any facts overlap between them

---

[1] Although the Court applies the "common nucleus test," it notes that its resolution of the motion would not change if it used the compulsory/permissive distinction to determine subject matter jurisdiction. Under the compulsory/permissive distinction, courts may only exercise supplemental jurisdiction over compulsory counterclaims, which by definition arise from the same transaction or occurrence as the underlying federal claim. See Williams v. W. Laundry Equip. LLC, No. CIV-06-0569, 2006 WL 4061164, at *5-6 (D.N.M. Nov. 21, 2006) (compulsory counterclaim within court's supplemental jurisdiction; permissive counterclaim requires independent basis of jurisdiction).

and common state law counterclaims. Id.

In response, Mortgage Sources argues that Wilhelm is distinguishable because it disputes whether an employer-employee relationship actually existed so this is not a typical FLSA wage claim. It argues that plaintiffs' status as employees or independent contractors will affect both plaintiffs' claims and its counterclaims, and that the counterclaims therefore arise out of the same nucleus of operative fact as plaintiffs' FLSA action. The Court disagrees. No counterclaim is concerned with the number of hours which plaintiffs worked or whether they received proper compensation for their time or overtime, which is the narrow scope of plaintiffs' FLSA claim. Further, the Court is not persuaded that the alleged *absence* of an employer-employee relationship creates a common nucleus of operative fact where the *existence* of one does not.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Dismiss Defendant's Counter-Claims (Doc. #18) filed March 13, 2009 be and hereby is **SUSTAINED.**

Dated this 29th day of October, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge