**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SEAN P. MCCAFFREY, et al., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) No: 08-2660-KHV |
| MORTGAGE SOURCES, CORP., | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM AND ORDER**

Norman Peterson brings suit against Mortgage Sources, Corp. ("MSC") on behalf of himself and others similarly situated, seeking unpaid straight time, overtime premiums and related penalties and damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the Kansas Minimum Wage Maximum Hours Law, K.S.A. §§ 1202 et seq., and the Kansas Wage Payment Act, K.S.A. §§ 44-313 et seq. On August 27, 2009, pursuant to 29 U.S.C. § 216(b), the Court conditionally certified a class of loan officers who did not receive all straight time or who worked more than 40 hours a week and did not receive overtime premiums for the three-year period prior to the date of certification.[1] See Doc. #37. This matter is before the Court on the parties' Joint Motion For Leave To File Settlement Documentation Under Seal (Doc. #63) filed September 24, 2010.

---

[1] The Court appointed Norman Peterson and Sean McCAffrey as class representatives. See Doc. #37. On August 3, 2010, the Court granted plaintiffs' motion to dismiss McCAffrey with prejudice. See Docs. #58, #59.
  On January 15, 2010, the Court sustained the parties' joint motion to broaden the distribution of opt-in notifications to loan processors. See Docs. #45, #46.
  According to the proposed joint motion for Court approval of the parties' proposed settlement, six individuals have opted to join the class. See Exhibit 2 to Doc. #63.

-1-

**Legal Standards**

Federal courts recognize a common law right of access to judicial records. See Worford v. City of Topeka, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597-99 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Stapp v. Overnite Transp. Co., No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. Apr.10, 1998)). This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assur[e] that the courts are fairly run and judges are honest." Worford, 2004 WL 316073, at *1 (quoting Crystal Grower's Corp., 616 F.2d at 461). This public right of access, however, is not absolute. See id. The Court has supervisory control over its records and files and exercises discretion in deciding whether to allow public access to those records. See id. In exercising such discretion, the Court considers relevant facts and circumstances of the case and balances the public's right of access, which it presumes paramount, with the parties' interests in sealing the record or a portion thereof. See id. The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture. See id.

**Analysis**

The parties state that they have settled the case and desire to keep confidential the terms of settlement. See Doc. #63 ¶ 1. They seek to file their settlement agreement under seal as an exhibit to a joint motion for court approval of the proposed settlement. See id. ¶ 2. The parties contend that filing the settlement agreement under seal will avoid public and private harm because if it is not filed under seal, "confidential, personal information of the Putative Plaintiffs will be made public, including their names and settlement amount information that they may not wish to be made public." Id. ¶ 5. The parties state that they and the public "have a strong interest in achieving resolution of this matter without compromising confidential personal information of the Putative Plaintiffs." Id.

As an initial matter, the proposed settlement agreement contains no personal information regarding individual plaintiffs. At most, it identifies the named plaintiff, Norman Peterson, which is already a matter of public record. Thus, it appears that the amount of settlement is the only fact which the parties desire to keep confidential. The parties, however, do not articulate an acceptable basis for keeping this fact confidential. On this record, the Court finds that the public's interest "in understanding disputes that are presented to a public forum for resolution" and knowing that "the courts are fairly run and judges are honest," Worford, 2004 WL 316073, at *1 (quotation and citation omitted), outweighs any interest of the parties in keeping confidential the amount of settlement. Accordingly, the Court will not allow the parties to file the proposed settlement agreement under seal.

**IT IS THEREFORE ORDERED** that the Joint Motion For Leave To File Settlement Documentation Under Seal (Doc. #63) filed September 24, 2010 be and hereby is **OVERRULED.**

Dated this 13th day of October, 2010 at Kansas City, Kansas.

            s/ Kathryn H. Vratil
            KATHRYN H. VRATIL
            United States District Judge