## CONFIDENTIAL

## SETTLEMENT AGREEMENT

## AND

## RELEASE OF CLAIMS

**Norm Peterson, et al.**

**and**

**Mortgage Sources Corp.**

September **20**, 2010



EXHIBIT
A

1888396.1

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

The parties to this Confidential Settlement Agreement and Release of Claims ("Agreement") are Mortgage Sources Corp. ("MSC") and Norm Peterson (the "Named Plaintiff"), for himself and on behalf of those persons who filed a consent to join the lawsuit *Peterson, et al. v. Mortgage Sources Corp.*, Case No. 2:08-CV-02660-KHV-DJW, currently pending in the United States District Court for the District of Kansas (the "Litigation"). Throughout the course of the Lawsuit, MSC has been represented by Anthony J. Romano and Robert J. Hingula of Polsinelli Shughart PC, and Named Plaintiff and the class of all other similarly situated employees have been represented by Michael Hodgson and Michael Brady of Brady and Associates ("Class Counsel").

## I.    DEFINITIONS

The terms set forth below shall have the meanings defined in this Section wherever used in this Agreement and in all of its exhibits, including the FLSA Notice and the FLSA Opt-In Settlement Consent Form.

1.    **"Agreement"** means this Confidential Settlement Agreement and Release of Claims and the terms outlined herein.

2.    **"Claims Administrator"** means MSC and/or counsel for MSC, Polsinelli Shughart PC, while conducting the claims administration of this Agreement. The parties agree that MSC and/or counsel for MSC will perform all of the duties customarily performed by a Claims Administrator, including (i) mailing the FLSA Notice and FLSA Opt-In Settlement Consent Forms to FLSA Collective Class Members; (ii) notifying the Parties of timely and untimely filings by the FLSA Collective Class Members; (iii) calculating the amounts due to each participating FLSA Collective Class Member; (iv) processing all aspects, including tax reporting, of payments to FLSA Collective Class Members and other distributions of the Global Settlement Amount; and (v) notifying the Parties of, and resolving any disputes regarding, claims by the FLSA Collective Class Members.

3.    **"Class Counsel"** means Brady and Associates.

4.    **"Eligible Plaintiff Confidentiality and Release Agreement"** means the documents in substantially the same form attached here as **Exhibit C.**

5.    **"FLSA Approval Date"** means the date the Court enters the Order Granting Approval of FLSA Settlement, in substantially the form attached as **Exhibit A.**

6.    **"FLSA Approval Order"** means the Order Granting Approval of Settlement, attached here as **Exhibit A,** authorizing the distribution of the notice forms, attached as **Exhibit B,** to the FLSA Collective Class Members, and authorizing the distribution of the FLSA Opt-In Form, attached as **Exhibit C,** for all FLSA Collective Class Members.

7.    **"FLSA Collective Class Members"** of the **"FLSA Covered Position"** are defined as all Loan Officers who were employed by MSC at any time between August 27, 2006

and the FLSA Approval Date and who consented to join this litigation pursuant to the Court's August 27, 2009 memorandum and order (Doc. No. 37)

8.     **"FLSA Covered Period"** means the period from August 27, 2006, to the FLSA Approval Date.

9.     **"FLSA Notice"** means the Collective Action Settlement Notice approved by the Parties and subject to Court approval in substantially the same form as **Exhibit B**, which the Claims Administrator shall distribute to the FLSA Collective Class Members.

10.    **"FLSA Plan of Allocation"** means the pro rata apportionment of the Global Settlement Amount based on the overtime worked by each FLSA Collective Class Member employed in an FLSA Covered Position during the FLSA Covered Period, with a minimum amount agreed to herein, applied as a percentage to the Global Settlement Amount after the deductions set forth in sections A.1.a. and A.1.b are made.

11.    **"FLSA Qualified Claimant"** means each of the FLSA Collective Class Members who the Claims Administrator determines is entitled, pursuant to the terms of the Agreement, to receive a portion of the Global Settlement Amount, and who submits a timely and valid FLSA Settlement Consent Form that is signed and completed in its entirety, and filed with the Court. All Plaintiffs who have opted-into this matter as of the date of this Agreement and submit a timely and valid Eligible Plaintiff Confidentiality Settlement and Release Agreement that is signed and completed in its entirety and filed with the Court, will be deemed FLSA Qualified Claimants if they worked in the FLSA Covered Positions during the FLSA Covered Period.

12.    **"FLSA Released Claims"** means any and all wage and hour and wage payment claims or claims of whatever nature arising out of or related to their employment with MSC, which any FLSA Collective Class Member may have against any of the Released Parties, whether known or unknown, as a result of actions or omissions during the period from August 27, 2006, through and including the FLSA Approval Date by the Court of the Settlement Agreement, whether under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, including but not limited to the Fair Labor Standards Act, as amended, and the Kansas Wage Payment Act, as amended, including any and all claims for unpaid overtime, liquidated damages, unpaid wages, deductions, breach of wage contracts, minimum wages, premium pay, interest, attorneys' fees, injunctive relief, or penalties related to overtime, missed meal periods, missed rest breaks, and other alleged wage and hour violations. FLSA Released Claims do not include non-wage based claims, either currently on file, or that could be filed, including, but not limited to, Case No. 09 CV 07863, currently on file in Johnson County District Court, Kansas.

13.    **"Global Settlement Amount"** means the total amount of the settlement available to be claimed by (i) the FLSA Collective Class Members who become FLSA Qualified Claimants, (ii) for Class Counsel for fees and expenses, and (iii) payment made to the Named Plaintiffs under section III. A.  In this matter, the Global Settlement Amount is Eighty-Five Thousand Dollars and No Cents ($85,000.00).

14.    **"Parties"** means the Named Plaintiff, opt-in plaintiffs, and MSC.

15.   **"Released Parties"** means Defendant Mortgage Sources Corp., its owners, parent and affiliated companies, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, insurers, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Litigation.

## II.   RECITALS

1.   The Named Plaintiff filed a Complaint in this action against MSC, alleging that MSC violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, by failing and refusing to pay Loan Officers overtime required by the FLSA.

2.   MSC denies that it owes any unpaid wages or overtime compensation to Named Plaintiff or any other person and denies that it has violated the FLSA, or any other law, rule or regulation relating to the payment of compensation and maintains that it has at all times properly compensated the Named Plaintiff and all other persons.

3.   The Named Plaintiff and MSC have exchanged factual disclosures, conducted discovery including a large amount of document production and other information pursuant to Court rules, and such disclosures have enabled each party to understand and assess the detail and substance of their respective claims and defenses.

4.   A bona fide dispute exists between the Named Plaintiff and MSC as to the amount, if any, of overtime owing to the Named Plaintiff and others similarly situated.

5.   Class Counsel conducted a thorough investigation into the facts of the Litigation, including the discovery of documents concerning employment policies and procedures related to the allegations of the Named Plaintiff on behalf of the FLSA Collective Class Members and diligently pursued an investigation of the members' claims against MSC. Based on their investigation and evaluation, the Named Plaintiffs and Class Counsel are of the opinion that the amounts set forth in the Global Settlement Amount and the terms set forth in this Agreement are fair, reasonable, and adequate and in the best interest of the FLSA Collective Class Members in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by MSC, and potential appellate issues.

6.   It is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release of all FLSA Released Claims against all Released Parties.

7.   The Named Plaintiff and MSC desire to enter into this Agreement, with the approval of this Court, to fully and finally settle, resolve and dismiss with prejudice this dispute, the Named Plaintiff's individual claims, and the claims of FLSA Collective Class Members who chose to participate in this Settlement under the FLSA claims in the Litigation. Other than payment of the amounts set forth in the Global Settlement Amount, or other amounts expressly specified in this Agreement, MSC shall have no further financial obligation with respect to the FLSA Released Claims.

8.     This Agreement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties or the Released Parties. The Parties further acknowledge and agree that this Agreement shall not be used to suggest an admission of liability in any dispute that any of the Parties may have now or in the future with respect to any person or entity. Neither this Agreement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of this Agreement, shall constitute evidence with respect to any issue or dispute, including, without limitation, the propriety of collective class treatment in any Litigation, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement.

## III.    AGREEMENT

After due consideration of all relevant factors, including the matters contained in the recitals set forth above, the parties agree as follows:

### A.    Consideration

1.     MSC agrees to a Global Settlement Amount of Eighty Five Thousand Dollars and No Cents ($85,000.00), inclusive of attorneys' fees and costs, to resolve the claims of all Loan Officers employed by MSC from August 27, 2006, until the FLSA Approval Date ("FLSA Covered Period"). This amount will be distributed as follows:

> a. Subject to Court approval, Class Counsel is requesting attorney's fees, future fees associated with the administration of this matter, and expenses in the amount of Twenty eight thousand Fifty Dollars and No Cents ($28,050.00). MSC will not oppose Class Counsel's application for this amount nor contend that this amount is unreasonable. Class Counsel shall provide tax payer identification numbers for Class Counsel and executed W-9 forms within five (5) days of the filing of this document. MSC shall issue to Class Counsel IRS Form 1099 for this amount. Such payment for attorneys' fees and expenses shall be made within fifteen (15) days of the Court approving the Motion for Approval of Settlement. Except for the fees, costs, and other expenses set forth in this section, the Parties shall bear responsibility for their own fees, costs and expenses incurred by them or arising out of this litigation and will not seek reimbursement thereof from any party to this Agreement or the Released Parties.

> b. Named Plaintiff Norm Peterson, for his service to the FLSA Collective Class Members and in recognition of his individual claims will each receive from the Global Settlement Amount an award of One Thousand Eighty Two Dollars and Thirty Cents ($1,082.30) for acting as class representatives and litigating this matter, including responding to informal discovery and producing documents for the benefit of the class. This amount will be considered non-wage damages to which MSC will issue to this individuals an IRS Form 1099. This amount shall be in addition to any payments made to Norm Peterson pursuant to paragraph A.1.c. and will be administered from the Global Settlement Amount at the same time and under the same terms provided for in section A.1.e.

5

c. The FLSA Collective Class Members shall be paid a pro rata apportionment of the Global Settlement Amount after deductions are made from such funds as set forth in sections III.A.1.a. and III.A.1.b.  The pro rata apportionment of the Global Settlement Amount will be proportionate to the alleged overtime hours worked and the applicable overtime rate of each FLSA Collective Class Member, with a minimum amount paid to a Collective Class Member to be Two Thousand One Hundred Eighty Six dollars and 33 cents ($2,186.33), applied as a percentage to the Global Settlement Amount after the deductions set forth in sections III.A.1.a. and III.A.1.b are made.  Each FLSA Collective Class Member's pro rata portion of the Global Settlement Amount will be determined by the Claims Administrator and Class Counsel based on MSC's books and records.

d. One-half of the payment to each FLSA Collective Class Member shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. The remaining one-half of the payment shall be deemed compensation for liquidated damages pursuant to the FLSA, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. If any payments to FLSA Collective Class Members are returned by the postal service as undeliverable, MSC will assist Class Counsel in correcting any address errors and the payments will be promptly re-mailed to the correct address.

e. To participate in the settlement, FLSA Collective Class Members must properly and timely (1) execute a Confidentiality and Release Agreement, attached as **Exhibit C**, which releases and waives wage and hour claims, including any and all claims for compensation based upon wages or salary arising from the FLSA Collective Class Member's employment with MSC, and (2) provide the Class Administrator with a fully executed IRS Form W-9. Each FLSA Collective Class Member will have thirty (30) days from the date of the mailing of notice to opt into settlement. Any funds remaining at the close of the claims period (*i.e.*, the Reversion Amount) will revert to MSC. Payment to the FLSA Collective Class Members will be made within thirty (30) days after the settlement opt-in period to return Eligible Plaintiff Confidentiality Settlement and Release Agreement and necessary tax forms has closed.

f. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this settlement.  MSC agrees to share with Class Counsel any information necessary to confirm the fairness of this settlement and the equitable distribution of settlement among the FLSA Collective Class Members.  Such information may include, but is not limited to, contact information, social security numbers (to be maintained as confidential and to be used solely for the purpose of locating class members through skip-tracing), dates of employment, job titles, compensation data, time records, and related personnel information.  Plaintiffs agree to share with MSC any information necessary to confirm the fairness of this settlement and effectiveness of the releases contemplated herein, including documents that confer Named Plaintiff's authority to bind the opt-in parties to this Agreement.

6

g. Payments made under this Agreement are not intended to and will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under MSC's bonus, pension, and retirement programs or 401(k) plans maintained by Released Parties their parents or affiliates. Nor will such payments count as earnings or compensation with respect to, or be considered to apply to, or be applied for purposes of MSC's bonus, pension, and retirement programs or 401(k) plans maintained by Released Parties, their parents or affiliates. MSC retains the right, if necessary, to modify the language of its benefit plans and pension, bonus and other programs, if necessary, to make clear that any amounts paid pursuant to this Agreement are not for hours worked, hours paid or any similar measuring term as defined by any plans and programs for purposes of eligibility, vesting, benefit accrual or any other purpose.

## B.    Notice to FLSA Collective Class Members

Within fifteen (15) days after the FLSA Approval Date, the Claims Administrator will send the FLSA Collective Action Settlement Notice (the "FLSA Notice"), substantially in the form attached as **Exhibit B,** the Eligible Plaintiff Confidentiality and Release Agreement, attached as **Exhibit C,** and a current W-9 form, to FLSA Collective Class Members by First Class mail. It will be conclusively presumed that if an envelope so mailed has not been returned within thirty (30) days of the mailing that the FLSA Collective Class Member received the FLSA Notice. With respect to envelopes returned within thirty (30) days of mailing, the Claims Administrator will use reasonable diligence to obtain a current address and re-mail the envelope to such address within five (5) days of the receipt of the returned envelope. The FLSA Notice shall be deemed received once it is mailed for the second time.

## C.    Release of Claims

(1)    In exchange for the settlement amount identified in section A, each FLSA Qualified Plaintiff, through the Named Plaintiff, releases MSC, its affiliates and their past, present and future agents, officers, directors, and employees, and the Released Parties from any and all claims, damages, and liabilities of any nature or origin whatsoever now existing that in any way relate to unpaid wages from his or her employment with MSC, including but not limited to claims for equitable relief, compensatory, punitive or other damages, expenses (including attorney's fees), or costs of any kind, arising before the Named Plaintiff signing this Agreement. The claims that FLSA Qualified Plaintiffs are releasing include, but are not limited to, all claims in any way connected with the FLSA Qualified Plaintiffs' employment by MSC and the ending of the FLSA Qualified Plaintiffs' employment, and specifically include all claims that were raised or could have been raised by Named Plaintiff in the Litigation that relate to (a) unpaid wages and commissions; (b) overtime compensation; (c) meal and rest period penalties; (d) minimum wage; (e) any contracts for wages; and (f) any other wage-related recovery provision of federal, state, or local constitution, law, regulation ordinance or common law, including, but not limited to the Fair Labor Standards Act and Kansas Wage Payment Act; provided, however that this is not a general release. The claims released do not include non-wage based claims, either currently on file, or that

could be filed, including, but not limited to, Case No. 09 CV 07863, currently on file in Johnson County District Court, Kansas.

**D.     No Assignment**

Class Counsel and Named Plaintiff, on behalf of the FLSA Collective Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

**E.     Non-Admission of Liability**

By entering into this Agreement, MSC in no way admits and expressly denies that any violation of law or any liability whatsoever is owed to Named Plaintiff and the FLSA Collective Class Members, individually or collectively. MSC further in no way admits and expressly denies that collective class treatment is appropriate in this matter. Rather, MSC enters into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Named Plaintiff and the FLSA Collective Class Members. The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Litigation or in any other proceeding or dispute.

**F.     Court Approval of Settlement and Dismissal of Case**

The Parties agree to jointly seek the Court's approval of the terms of this Agreement. The Parties further agree that, before filing any pleading or other documents containing or referring to the terms of this Agreement, the Parties shall first seek leave of Court to submit such pleadings or other documents under seal or otherwise in a manner that protects the terms of this Agreement from public disclosure. Each current FLSA Collective Class Member, through the Named Plaintiff representative, agrees to cooperate, and participate as necessary, in any proceedings related to the Court's approval of the terms of this Agreement. Each current FLSA Collective Class Member, through the Named Plaintiff representative, also agrees to dismiss the Litigation with prejudice, on the condition that the Court retain jurisdiction to administer and enforce the terms of this Agreement.

As soon as practical and without undue delay, the Parties will submit to the Court a joint motion for approval of the Agreement and authorization of notice of settlement. A proposed order representing the FLSA Approval Order in substantially the form that the Parties will file with the Court is attached as **Exhibit A.**

**G.     Covenant Not to Sue**

Each current FLSA Collective Class Member, through his or her Named Plaintiff representative, on his or her own behalf and on behalf of his or her heirs, executors, administrators, successors, and assigns, covenants and agrees never to commence, prosecute, voluntarily assist (i.e., this Release precludes the Named Plaintiff and FLSA Collective Class Members from discussing issues relating to the Lawsuit, settlement discussions occurring in the Lawsuit, this Agreement and precludes them from voluntarily offering information regarding their employment with MSC to third parties without prompting; but does not preclude the Named

Plaintiff and FLSA Collective Class Members from responding to questions from third parties relating to their employment duties at MSC) or cause to be commenced or prosecuted, any action or other proceeding, whether in a representative or individual capacity or as a member of a collective/class action, against MSC, its agents, representatives, servants, employees, insurers, affiliates, subsidiaries, parents, shareholders, predecessors, successors, and assigns for any and all liability, claims, demands, causes of action, suits, debts, charges, complaints, obligations, promises, agreements, controversies, damages, and expenses (including attorneys' fees and costs) of any nature whatsoever, known or unknown, in law or equity, in connection with any of the facts alleged or that could have been alleged or liabilities or damages sought or that could have been sought related to or arising out of the FLSA Collective Class Member's wages, paid or not paid, during their employment with MSC. The claims released do not include non-wage based claims, either currently on file, or that could be filed, including, but not limited to, Case No. 09 CV 07863, currently on file in Johnson County District Court, Kansas.

## H.   Confidentiality

The Parties (including those individuals who opt-in by signing and agreeing to the Confidentiality and Release Agreement) agree that (a) the terms of this Agreement; (b) the negotiations leading to this Agreement; and (c) the events underlying the basis of the FLSA Collective Class Members and Named Plaintiff's lawsuit against MSC shall be kept confidential and shall not be disclosed to any third party at any time, except to each FLSA Collective Class Member's spouse and as may be required in connection with the parties' consultation with their own counsel, the preparation of income tax returns, or unless otherwise required by process of law. Moreover, this Agreement and its terms shall not be used or disclosed in any court, arbitration or other legal proceeding, except to enforce the provisions of this Agreement.    The Parties further agree that they will not pursue, voluntarily assist (i.e., this Release precludes the Named Plaintiff and FLSA Collective Class Members from discussing issues relating to the Lawsuit, settlement discussions occurring in the Lawsuit, this Agreement and precludes them from voluntarily offering information regarding their employment with MSC to third parties without prompting; but does not preclude the Named Plaintiff and FLSA Collective Class Members from responding to questions from third parties relating to their employment duties at MSC), or encourage any other individual, agency, organization or other similar entity in the prosecution of any claim, lawsuit, charge, complaint or other civil action, against the other, arising from or in any way related to any of the FLSA Collective Class Member's employment at MSC, unless the party is directed to do so pursuant to subpoena and/or valid court order, provided that prior written notice first be given to counsel for the other Party (who, for purposes of this paragraph shall be Anthony J. Romano, Polsinelli Shughart, P.C., 120 W. 12th Street, Kansas City, Missouri, 64105, (816) 753-1000 for MSC, and Michael Brady, Brady and Associates, 10901 Lowell, Suite 280, Overland Park, KS  66210, (913) 696-0295  for the FLSA Collective Class Members).

The Parties and their counsel further agree that they will not issue any press release or participate in any communication or contact with the media regarding this settlement or any other matter related to this litigation. If the Parties and/or their counsel are contacted by the media, they will merely inform them that the case has been amicably resolved.

## I.   Represented by Counsel

The Parties stipulate and acknowledge that each has been represented by counsel throughout the litigation and settlement process of this dispute and have decided with the advice of counsel and free of any duress or coercion to enter into this Agreement. The Parties stipulate and acknowledge that they have read this Agreement and understand its terms. The Parties also acknowledge that this Agreement was jointly prepared and/or reviewed by them, by and through their respective legal counsel, and any uncertainty or ambiguity existing herein shall not be interpreted against either of the Parties, but otherwise according to the application of the rules on interpretation of contracts.

**J.     Named Plaintiff's Authorization to Class Counsel**

Class Counsel, on behalf of the FLSA Collective Class Members, is expressly authorized by the Named Plaintiff to take all appropriate action required or permitted to be taken by the FLSA Collective Class Members pursuant to this Agreement to effectuate its terms, and is expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the FLSA Collective Class Members that Class Counsel deems appropriate.

**K.     Mutual Full Cooperation**

The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

**L.     Future Inquiries**

Except for cooperating with the Claims Administrator in the mailing of the notice to opt-in to prospective FLSA Collective Class Members, Class Counsel agrees not to directly solicit class members who have not opted-in or submitted a claim as of the date this Agreement is executed. Class Counsel further agrees not to directly solicit MSC employees, whether current or former, as clients in any claims they may have against MSC or the Released Parties. Class Counsel further hereby acknowledges that any services rendered as set forth in this paragraph shall be deemed as a continuation of the administrative functions of this settlement for which no additional attorney's fees or costs shall accrue against, or to be paid by MSC.

**M.     Governing Law**

This Agreement shall be interpreted under the laws of the State of Kansas and shall be binding on the parties hereto, their successors and assigns. Jurisdiction and venue for any action arising out of this Agreement shall be solely in the United States District Court for the District of Kansas.

**N.     Entire Agreement.**

The Parties agree that this is the entire agreement concerning the settlement of the disputes described above, and that no representations or inducements have been made by either side except as set forth herein. This Agreement cannot be amended, modified, or supplemented in any respect except by written agreement entered into by both Parties.

**O.    Counterparts.**

This Agreement may be signed in two or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Any photocopy of the executed original or of any counterpart shall be deemed to be an original for any and all purposes. The Parties also agree that the executed counterparts may be delivered to the other Party by facsimile or electronic transmission, which facsimile or electronic transmission shall be deemed an original copy.

**P.    Severability of Provisions**

The provisions of this Agreement shall be deemed severable, and the invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of any of the other provisions.

**Q.    Successors/Assigns**

This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

**R.    Authority**

Each of the Parties represents that the person signing this Agreement on its behalf has full authority to bind such party to this Agreement.

**S.    Interpretations**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

**T.    Settlement of Disputes**

All disputes relating to this Agreement and its implementation shall be within the continuing jurisdiction of the Court over the terms and conditions of this Agreement, until all payments and obligations contemplated by the Agreement have been fully carried out.

## SIGNATURES ON FOLLOWING PAGE

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: September 20, 2010

By: _____
Norm Peterson– Class Representative

Dated: September 20, 2010

By: _____
Michael Brady
Brady and Associates
10901 Lowell, Suite 280
Overland Park, KS 66210
Tel:  913-696-0925
Fax: 913-696-0468
E-Mail:  mbrady@mbradylaw.com
**Attorneys for the Named Plaintiff and the Class**

Dated: September ___, 2010

By: _____

Name Printed: _____

Title: _____

**Mortgage Sources Corp.**

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: September ___, 2010

By:_____
     **Norm Peterson– Class Representative**

Dated: September ___, 2010

By:_____
     Michael Brady
     Brady and Associates
     10901 Lowell, Suite 280
     Overland Park, KS 66210
     Tel:  913-696-0925
     Fax:  913-696-0468
     E-Mail:  mbrady@mbradylaw.com
     **Attorneys for the Named Plaintiff and the Class**

Dated: September 20, 2010

By:_____

Name Printed: _____Kevin Klewene_____

Title: _____President_____

**Mortgage Sources Corp.**

# EXHIBIT A

1888396.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

NORM PETERSON,                                    )
                                                  )
On Behalf of Himself and                          )
All Others Similarly Situated,                    )
                                                  )
          Plaintiffs,                             )
                                                  )
vs.                                               )        Case No.: 2:08-CV-02660-KHV-DJW
                                                  )
MORTGAGE SOURCES CORP.                            )
                                                  )
          Defendant.                              )
                                                  )

## ORDER GRANTING APPROVAL OF FLSA SETTLEMENT

WHEREAS:

A.     On [███████████████████████████████████], the named Plaintiff

Norm Peterson, individually and as Collective Action Representative, and Defendant Mortgage

Sources Corp. ("MSC"), by their respective counsel of record, presented before this Court for

approval a Confidential Settlement Agreement and Release ("Agreement");

B.     This Court has duly considered representations and all of the submissions

presented with respect to the Agreement addressing the collective class claims asserted in the

Litigation under the Fair Labor Standards Act ("FLSA");

C.     All capitalized terms in this Order with respect to the Agreement addressing the

collective class claims asserted under the FLSA that are not otherwise defined have the same

meaning as in the Agreement;

NOW THEREFORE, after due deliberation, this Court hereby ORDERS that:

1.     For settlement purposes, certifies this case as a collective action under Section 16(b) of the FLSA, appoints Norm Peterson as class representative, and appoints Brady and Associates as class counsel;

2.     This Order ("FLSA Approval Order") will be binding on the FLSA Collective Class Members who become FLSA Qualified Claimants as defined in the Agreement.

3.     The Agreement is fair, reasonable and adequate, is in the best interests of the FLSA Collective Class Members, should be, and hereby is, approved, especially in the light of the benefits to the FLSA Collective Class Members accruing therefrom, the substantial discovery and investigation conducted by Class Counsel prior to the proposed Settlement, and the complexity, expense, risks and probable protracted duration of further litigation.

4.     The FLSA Notice proposed by the Parties fully and accurately informs the FLSA Collective Class Members of all material elements of the Litigation and the Agreement.

5.     The Court approves the Settlement Agreement (attached as Ex. 1 to the Memorandum in Support of the Joint Motion for Approval of FLSA Collective Action Settlement), approves the form of the Eligible Plaintiff Confidentiality and Release Agreement (attached as Ex. C to the Settlement Agreement), and approves the FLSA Notice (attached as Ex. B to the Settlement Agreement);

6.     Within fifteen (15) days after entry of this Order, MSC shall mail such FLSA Notice, Eligible Plaintiff Confidentiality and Release Agreement, and IRS Form W-9 by First Class mail to the last known addresses of each FLSA Collective Class Member. FLSA Collective Class Members must exercise their right to opt-in to the Settlement within thirty (30) days of the mailing or other distribution of the Notice.

-2-

7.     This Litigation is hereby dismissed in its entirety, on the merits, as against Defendant Mortgage Sources Corp. with prejudice, and without costs to any party, except to the extent otherwise expressly provided in the Agreement. This Court intends this FLSA Approval Order to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

8.     All FLSA Qualified Claimants shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Released Parties any and all FLSA Released Claims.

9.     Class Counsel's application for an award of attorneys' fees and reimbursement of costs as set forth in the Agreement is hereby approved. Accordingly, Defendant will pay Class Counsel's fees, as provided in the Agreement, within fifteen (15) days of the date the Court issues its Order approving the settlement and Defendant's receipt of an executed and complete IRS Form W-9 from Class Counsel.

10.    Without affecting the finality of this FLSA Approval Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation and enforcement of this FLSA Approval Order. In addition, without affecting the finality of this FLSA Approval Order, this Court retains jurisdiction over Defendant, Named Plaintiff and each FLSA Qualified Claimant for the purpose of enabling any of them to apply to the Court for such further orders and directions as may be necessary or appropriate for the construction and implementation of the terms of the Agreement and this FLSA Approval Order. Defendant, the Class Representatives, and each FLSA Qualified Claimant are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute relating to this FLSA Approval Order or the Agreement, except to the extent remitted by the Settlement for resolution in a different forum.

11.    The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order of Approval.

-3-

Dated this _____ day of          **SO ORDERED:**
_____, 2010 at Kansas City,
Kansas.


_____
The Honorable Katheryn H. Vratil
United States District Chief Judge
United States District Court for the District of Kansas

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NORM PETERSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Case No.: **2:08-CV-02660-KHV-DJW** |
| | ) |
| **MORTGAGE SOURCES CORP.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**You are receiving this Notice because you may be entitled to money from a settlement with Mortgage Sources Corp ("MSC") involving allegations that MSC failed to pay appropriate overtime compensation to certain employees. You must take action to receive any payment under the settlement.**

**This Notice affects your rights.**
**Please read it carefully.**

**This is not a solicitation from a lawyer. The United States District Court for the District of Kansas has authorized this Notice.**

### NOTICE OF COLLECTIVE ACTION SETTLEMENT:

TO: ▉▉▉▉▉▉▉▉▉▉

RE: Settlement of Claims for Alleged Unpaid Overtime Compensation and All Related Claims for Relief

## I. INTRODUCTION

This Notice of Settlement is to inform you that MSC has agreed to settle an overtime pay collective action lawsuit filed by Plaintiffs claiming that MSC violated the Fair Labor Standards Act ("FLSA") by failing to pay appropriate overtime compensation to certain hourly employees employed by MSC during the last three years. This Notice is to inform you about the status of the lawsuit, including your right to receive a share of the settlement funds.

## II. DESCRIPTION OF THE LAWSUIT

On December 24, 2008, Norm Peterson ("Named Plaintiff" or "Class Representative") filed a Complaint in the United States District Court for the District of Kansas on behalf of himself and all similarly situated employees employed by MSC. The Complaint alleged violations of the Fair Labor Standard Act ("FLSA") for non-payment of overtime wages,

interest, liquidated damages and attorneys' fees. Specifically, Plaintiff alleged that MSC failed to accurately record and pay loan officers for time worked above forty (40) hours per week.

MSC denied and continues to deny the allegations in Plaintiff's Complaint and contends that its policies and practices regarding compensation of employees were proper and in compliance with the law at all times. MSC wishes to settle this litigation, however, to avoid costly, disruptive, and time-consuming litigation and does not admit to any wrong-doing or liability.

The Named Plaintiff has consulted with his counsel and recognizes the risks inherent in this litigation. As such, the Named Plaintiff has negotiated a settlement that provides for direct monetary payments to the Eligible Plaintiffs in this action. On ████████████, the Court approved the Settlement and certified this case as a collective action under Section 16(b) of the FLSA for settlement purposes.

The attorneys for Plaintiff and Class Representatives believe that the Settlement described below is fair, adequate, reasonable, and in the best interests of the Settlement Class. This Notice is being sent to you because you have opted-in to this case. As such if you elect to participate in this Settlement, you will receive a payment in the gross amount of $████████. **To obtain payment under this Settlement, Plaintiffs, like you, must fully complete and timely return the Confidentiality and Release Agreement Form attached to this Notice.**

### III. SETTLEMENT

After analyzing and reviewing the factual and legal basis for the claims presented in this action, the Named Plaintiff has recognized that there would be risks and delays inherent in the further litigation of this matter. Similarly, although MSC has not admitted any wrong-doing, it too recognizes the risks and expenses associated with litigation. For these reasons, the Parties agreed to explore a possible resolution to this matter, and they have now reached a settlement with respect to those Plaintiffs who had previously consented to join the lawsuit ("Current Plaintiffs") and individuals who have opted in to the lawsuit as of the Settlement date ("Eligible Plaintiffs").

The Parties agreed to resolve all class claims for Eighty Five Thousand Dollars and No Cents ($85,000.00). From this amount, Twenty Eight Thousand Fifty Dollars and No Cents ($28,050.00). will be deduced for attorneys' fees, future attorneys' fees, and expenses. This remaining Fifty Six Thousand, Nine Hundred Fifty Dollars and No Cents ($56,950.00) will be divided among the Eligible Plaintiffs. Through this Settlement, all Eligible Plaintiffs shall receive a pro-rata portion of this amount, with the Named Plaintiff receiving a slightly enhanced percentage in recognition of his services as Class Representative. The individual settlement amounts were determined and will be distributed pro rata based on the overtime hours worked and the applicable overtime rate (as recorded by MSC's time keeping and accounting systems) of each Eligible Plaintiff with a minimum payment being Two Thousand One Hundred Sixty Four Dollars and Ten Cents ($2,164.10).

Half of each individual Plaintiff's Settlement Payment is considered wages and shall be subject to the withholding of all applicable local, state, and federal taxes. The remainder of the Settlement Payment is considered liquidated damages and will not be subject to withholding.

Please consult with your accountant or other tax advisor regarding the tax consequences of the portion of the settlement attributed to liquidated damages.

Under this Settlement, the Court has awarded Plaintiffs' Counsel a percentage of the settlement funds allocated to Eligible Plaintiffs. Eligible Plaintiffs that participate in the Settlement will not be required to make any payments for attorneys' fees or other litigation costs from their individual settlement amounts.

Eligible Plaintiffs, such as you, have two options in responding to this Notice:

1. **To participate in this Settlement and obtain the gross Settlement Payment set forth above you must properly execute and timely return the Confidentiality and Release Agreement Form and W-9 form attached to this Notice. This form must be returned to:**

   > **Polsinelli Shughart PC**
   > **c/o Robert J. Hingula**
   > **120 West 12th Street, Suite 1600**
   > **Kansas City, Missouri 64105**

   **no later than thirty (30) days from the date of mailing, (■■■■■■■■■■■■■■), for you to participate in this Settlement.** By executing this Confidentiality and Release Agreement Form, you will release and waive any claims for unpaid wages that were earned and/or due you for work performed during any and all periods of your employment prior to the date you sign the Settlement Agreement. Please see Section V of this Notice for further details.

2. **If you do not complete and timely return the Confidentiality and Release Agreement Form attached to this Notice you will not be a part of this settlement, you will receive no money, and you will not be subject to the settlement. The lawsuit and the settlement will have no affect on you. <u>Because of the operative statute of limitations applicable to this case, if you do not join this settlement you may lose any right, if such a right exists, to recover in the future for these claims.</u>**

## IV. SCOPE OF THE RELEASE FOR PARTICIPATING PLAINTIFFS

As set forth above, to participate in this Settlement and receive payment, you must execute the Confidentiality and Release Agreement and W-9 tax form attached hereto and return it in the manner and timeframe set forth in this Notice. If you do so, you will become eligible for payment under the settlement agreed to in this matter. In addition, by executing and returning this form you shall be deemed to have released, waived and forever discharged MSC and its affiliates, officers, directors, and employees, of and from any and all claims, rights, or causes of action of any nature or kind whatsoever under federal, state, or other applicable law, whether known or unknown, for unpaid wages which were earned and/or due you for work performed during any and all periods of your employment until the present.

## V. <u>QUESTIONS</u>

All Eligible Plaintiffs who have not already opted-in to this litigation will receive this Notice. Questions about the lawsuit and settlement should be directed to counsel: Michael Hodgson, Brady and Associates, 10901 Lowell, Suite 280, Overland Park, KS 66210, (913) 696-0295, mhodgson@mbradylaw.com.

## VII. <u>CORRECTIONS TO NAME OR ADDRESS</u>

If, for any future references and mailings, you wish to change the name or address listed on the envelope in which this Notice was sent, please complete, execute and mail the form entitled "Change of Name and Address Information" attached to this Notice. Please note that the submission of this form is not necessary if the corrected name or address information has already been submitted.

# CHANGE OF NAME AND ADDRESS INFORMATION FORM

**Name:** _____

**Prior Name(s):** _____

**Current Address:** _____

_____

**Former Address:** _____

_____

**Current Contact Information:**

**Home:** _____      **Work:** _____

**Cell:** _____      **Email:** _____

**Date:** _____   **Signature:** _____

**Printed Name:** _____

1888396.1

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NORM PETERSON,                           )
                                         )
        Plaintiffs,           )
                                         )
v.                                       )    **Case No.: 2:08-CV-02660-KHV-DJW**
                                         )
MORTGAGE SOURCES CORP.,                  )
                                         )
        Defendant.            )
                                         )

## CONFIDENTIALITY AND RELEASE AGREEMENT

This Confidentiality and Release Agreement ("Release Agreement") is hereby entered into between Plaintiff [████████████], individually, (hereinafter "Plaintiff") and Defendant Mortgage Sources Corp. ("MSC" or "Defendant"):

On December 24, 2008, Norm Peterson ("Named Plaintiff" or "Class Representative"), filed a Fair Labor Standards Act ("FLSA") collection action Complaint in the United States District Court for the District of Kansas on behalf of himself and all similarly situated employees of MSC, alleging violations of the FLSA and seeking back pay for non-payment of overtime, interest, liquidated damages, and attorneys' fees.

MSC has denied and continues to deny the allegations in the lawsuit and denies all liability of any kind with respect to these allegations.

The Named Plaintiff and MSC reached a settlement of the claims asserted in the lawsuit, including a settlement for those class members who opted in prior to consummation of the settlement agreement ("Current Plaintiffs") (collectively "Eligible Plaintiffs."). Eligible Plaintiffs who choose to opt into the settlement shall collectively be referred to as the Eligible Plaintiff Settlement Class. Plaintiff is a member of the Eligible Plaintiff Settlement Class.

1.     It is agreed that this action and any claims, damages, or causes of action arising out of or related to the dispute which is the subject of said action, be fully released by Plaintiff and against Defendant, subject to the terms and conditions set forth in this Release Agreement.

2.     Settlement Formula and Distribution:

    a.  In consideration for settlement and a release of all wage and hour claims from members of the Eligible Plaintiff Settlement Class who choose to join this settlement, Defendant and the Named Plaintiff have agreed to set aside a portion of the total global settlement amount, inclusive of all alleged unpaid wages, liquidated damages, interests, costs, and attorneys' fees from which each Eligible Plaintiff will be paid ("Eligible Plaintiff Settlement Fund").

    b.  In consideration for settlement and release of claims of the Eligible Plaintiff Settlement Class who choose to join this settlement, each Eligible Plaintiff shall receive their pro rata portion of the Settlement Fund, after payment of attorneys' fees and costs.  The individual settlement amounts were determined and will be distributed pro rata based on the total number of overtime hours worked by each Eligible Plaintiff, with a slight increase in percentage recovery to the Named Plaintiff in recognition of his services as Class Representative.

    c.  Based upon the criteria set forth in 2.b. above, Defendant shall pay to Plaintiff from the Eligible Plaintiff Settlement Fund the total gross sum of ████████

████████████████.

        i.  One half of this amount shall be considered wages and shall be subject to the withholding of all applicable local, state and federal taxes.

3

Plaintiff will receive a W-2 for the payment and taxes will be withheld at the rate required by law.  Defendant will pay all amounts required by law to be paid by the employer to any federal, state, or local tax authority.  Plaintiff shall be responsible for all amounts required to be paid by the wage earner (Plaintiff) to any federal, state, or local tax authority.

ii.  The remaining one-half of the payment shall be deemed compensation for alleged liquidated damages pursuant to the FLSA, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099.

d.  Defendant shall pay all amounts approved by the Court for Plaintiff within thirty (30) days of the deadline for Plaintiff to submit the settlement and release and necessary tax documents, including in particular a completed W-9 form as attached hereto.

3.     Costs and Attorneys' Fees: Plaintiffs' Counsel have received a Court-approved payment of attorneys' fees and costs from the Eligible Plaintiff Settlement Fund. This amount is a set amount of the total Eligible Plaintiff Settlement Fund.  The amounts approved and paid to Plaintiffs' counsel for fees and costs will cover all work performed and all expenses incurred to date and all work to be performed and expenses to be incurred in connection with the execution of this Release Agreement and the final conclusion of this action.  Accordingly, Plaintiff's counsel shall not seek additional fees or costs in connection with finalizing Plaintiff's claims herein, through Court approval and final payment.  The fees and costs approved by the Court

4

were paid directly to Counsel after the Court issued its Order approving the settlement of this case on �it ▇▇▇▇▇▇▇, 2010.

4.    Release:    Plaintiff releases and forever discharges MSC (including its predecessors, successors, assigns, officers, directors, agents, employees and all affiliated, parent or subsidiary companies or divisions) from all claims of any kind whatsoever now existing that in any way relate to unpaid wages which were earned and/or due you for work performed during any and all periods of Plaintiff's employment until the present.    The claims released and discharged are limited to, all claims asserted, or which could have been asserted, that in any way relate to minimum wage, overtime compensation, wage contracts, meal and rest period penalties or other penalties for claims raised in this Lawsuit, or any other wage-related recovery provision of federal, state or local constitution, law, regulation, ordinance or common law. The claims released do not include non-wage based claims, either currently on file, or that could be filed, including, but not limited to, Case No. 09 CV 07863, currently on file in Johnson County District Court, Kansas.

5.    **Confidentiality**: This Agreement may be specifically enforced and may be used as evidence in an action relating to the breach of this Agreement.    Otherwise, ***Plaintiff and Plaintiffs' counsel shall keep the terms of this Agreement <u>strictly confidential</u> and shall not disclose the terms of this Agreement to third parties*** except (1) as required by process of law, and (2) that Plaintiff may disclose the Agreement to his/her attorney, financial advisor, and spouse so long as those individuals are made aware of the need for confidentiality of such information to the fullest extent permissible by law. Plaintiff acknowledges that ***<u>confidentiality is a material term of this Agreement</u>***.  In the event that litigation is required to enforce this

5

paragraph, Plaintiff understands that the prevailing party will be entitled to recover attorneys' fees and costs incurred in prosecuting or defending such action.

6.    Binding Agreement: This Release Agreement shall be binding upon the Plaintiff and his/her affiliates, agents, beneficiaries, heirs, executors, administrators, successors, and assigns forever.

7.    Entire Agreement: This Release Agreement constitutes the entire agreement concerning the subjects contained herein. These Terms may not be changed or altered except in writing signed by all Parties and upon approval by the Court.

8.    Governing Law: This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Kansas.


Date:_____          By: _____

                                        Printed Name: _____

                                        Eligible Plaintiff


057438/131569-1885434.1