**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SEAN P. MCCAFFREY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | **No. 08-2660-KHV** |
| ) | |
| **MORTGAGE SOURCES, CORP.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Norman Peterson brings suit against Mortgage Sources, Corp. on behalf of himself and others similarly situated, seeking unpaid straight time, overtime premiums and related penalties and damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. This matter comes before the Court on the parties' Amended Joint Motion For Approval Of FLSA Collective Action Settlement And Dismissal With Prejudice (Doc. #71) filed February 10, 2011. For reasons stated below, the Court overrules the motion.

On January 5, 2011, the Court overruled the parties' joint motion for approval of a proposed class action settlement. See Memorandum And Order (Doc. #68).[1] The Court found, inter alia, that the parties did not provide information sufficient for the Court to determine that the proposed settlement is fair and reasonable.[2] See id. at 9-11.

---

[1] For factual background and legal standards, see Memorandum And Order (Doc. #68) at 1-7.

[2] Specifically, the Court found that the parties did not provide information regarding (1) how they determined a minimum payment of $2,186.33; (2) whether the number of overtime hours which plaintiffs allege they worked is consistent with what is reflected in defendant's books and records; (3) what recourse, if any, a class member would have if he or she disagrees with the pro rata determination; (4) the circumstances under which funds could remain at the close of the claims

(continued...)

In their amended motion, the parties seek approval of the same proposed settlement. That settlement provides for a global payment of $85,000 to be distributed as follows: (1) $28,050 in attorney's fees and expenses; (2) $1,082.30 to Peterson as an enhancement payment; and (3) the remaining funds to class members on a pro rata basis proportionate to the alleged overtime hours worked and applicable overtime rate of each class member, with a minimum of $2,186.33 to each class member. See Exhibit A to Doc. #67 ¶ III(A)(1)(a)-(c).

The parties assert that they plan to apportion the proposed settlement fund among class members as follows:

| Name | Total Damages | Settlement Recovery |
|---|---|---|
| Anderson, Gary | $ 12,457.78 | $ 2,847.50 |
| Dooley, Janet | $ 13,661.25 | $ 3,246.15 |
| Modrack, Linda | $  8,941.50 | $ 2,164.10 |
| Peterson, Norman | $158,610.59 | $39,865.00 |
| Sjrema, Robert | $ 14,301.63 | $ 3,417.00 |
| Watson, Elizabeth | $ 13,394.33 | $ 2,961.40 |
| Zich, Lea | $ 11,542.78 | $ 2,448.85 |
| TOTAL | $232,909.86 | $56,950.00 |

See Memorandum In Support Of The Parties' Amended Joint Motion For Approval Of FLSA Collective Action Settlement And Dismissal With Prejudice (Doc. #72) filed February 10, 2011 at 7 and exhibit 2 thereto. The parties state that they determined the settlement allocation as follows:

---

[2](...continued)
period and revert to defendant; or (5) whether a class member's pro rata distribution could increase or decrease based on the number of class members who opt in the settlement. See Memorandum And Order (Doc. #68) at 9-10.

Also, the parties did not provide information regarding (1) defendant's business; (2) the type of work performed by plaintiffs; (3) the facts underlying plaintiffs' reasons for justifying their claims; (4) defendant's reasons for disputing plaintiffs' claims; (5) the relative strength and weaknesses of plaintiffs' claims; (6) the relative strength and weaknesses of defendant's defenses; (7) whether the parties dispute the computation of wages owed; (8) each party's estimate of the number of hours worked and the applicable wage; or (9) the maximum amount of recovery to which plaintiffs claim they would be entitled if they successfully proved their claims. See id. at 11.

First, they assumed that each plaintiff worked 50 hours per week. Second, they determined each plaintiff's "regular rate of pay" by dividing his or her total weekly pay by 50 to determine an hourly rate. Third, they multiplied 50 per cent of the hourly rate times ten (for ten hours of overtime per week) to determine the amount of overtime claimed per week for each plaintiff. See id. at 6.

Under the proposed allocation, Peterson – the named plaintiff – would receive over ten times more money than any other plaintiff. The parties state that the discrepancy exists because, inter alia, Peterson originated more loans and earned multiple times more compensation in commissions than any other plaintiff. See id. at 6 n.1.[3] The parties state that the "regular rate of pay" for each plaintiff varies substantially depending on his or her success in earning commissions or bonuses. See id. at 6. The parties, however, do not explain how or why an employee's commissions or bonuses would be included in his or her regular rate of hourly pay. The Court cannot conceive a plausible explanation. On its face, the proposed settlement allocation is not fair and reasonable. The Court directs the parties to re-allocate the settlement fund based on each plaintiff's weekly compensation, excluding commissions and bonuses. For each plaintiff, the parties should provide detailed information regarding length of employment and amount of weekly compensation, excluding commissions and bonuses. Plaintiff's motion must also address the factors stated in footnote 2, above.[4]

---

[3] The parties state that the disparity also exists because unlike other plaintiffs, Peterson worked for defendant the entire three-year claim period. See Doc. #72 6 n.1.
As noted, the proposed allocation provides Peterson an enhancement payment of $1,082.30 for bringing the lawsuit. See id. at 21.

[4] If plaintiffs are serious about settlement, their next motion needs to make the best possible case for court approval, because time may not permit further motion practice on the settlement issue. The case remains set for trial on August 1, 2011 and will not be continued on
(continued...)

**IT IS THEREFORE ORDERED** that the Amended Joint Motion For Approval Of FLSA Collective Action Settlement And Dismissal With Prejudice (Doc. #71) filed February 10, 2011 be and hereby is **OVERRULED.**

Dated this 26th day of April, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[4](...continued)
account of the time and effort wasted on insufficient motions to approve the settlement.